## WILLIAM STALLINGS *et al.*

*v.*

## SAMUEL OWENS.

1. TRESPASS TO THE PERSON—*what constitutes.* Where a party under arrest, upon a charge of larceny, was taken from his place of confinement to the outskirts of the town in the night-time, by those having the prisoner in charge, and one of the number, placing his hand upon the prisoner's shoulder, produced a rope and required him to confess the larceny; it was *held,* that such person was guilty of an aggravated trespass, for which they must respond in damages.

2. Whether the rope was or was not placed about the prisoner's neck, and whether he was or was not suspended to a tree for the purpose of compelling a confession of a crime, and whether or not he suffered personal injury, are questions which do not go to the existence, but to the degree, of the injury.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action for personal trespass, brought by Owens, against Stallings and others, to the Madison County Circuit Court, and taken by change of venue to St. Clair county. The facts as presented by the record are fully stated in the opinion.

Messrs. BILLINGS & WISE and Messrs. GILLESPIE & SPRINGER, for the appellants.

Messrs. G. & G. A. KŒRNER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action for trespass to the person, brought by Owens against Stallings and others, and resulting in a verdict of one hundred and fifty dollars for the plaintiff. The defendants appealed.

It appears the plaintiff was arrested by an officer, on the charge of larceny, in the village of Venice, in Madison county, and was placed under the charge of defendants in the town hall. While thus in their charge, they took him from the town hall to the outskirts of the town, and one of the number, according to his own statement as a witness on the stand, put his hand on the plaintiff's shoulder, and producing a rope, required him to confess. Thereupon the plaintiff confessed himself guilty of the alleged larceny, and he was taken back to the town hall and afterwards to the county jail. No indictment was found against him, and after his discharge he brought this suit.

The plaintiff, on the trial, testified that the defendants put the rope around his neck and suspended him to the branch of a tree until he admitted the commission of the larceny. This is denied by all the defendants, and we are urged to reverse the judgment, on the ground that the verdict was against the evidence. But even if we wholly reject the evidence of the plaintiff, that of the defendants shows a trespass of a very aggravated character. That they took him by force from his place of confinement to the outskirts of the town, and there producing a rope required him to confess, is stated by themselves upon the stand. Whether they actually put the rope around his next and suspended him, is a question relating only to the degree of the injury, but not at all affecting the fact that a trespass had already been committed by the acts to which the defendants themselves testify. The plaintiff may have been guilty of larceny, as urged by counsel, and as

strongly indicated by the evidence, and he may have received from these defendants no serious personal injury, but they had no more right to take him from his place of confinement, and, by threats of violence compel from him a confession of guilt, than they had to use the same unlawful force towards the most respected member of the community. Their conduct, as related by themselves, was utterly unjustifiable, and the jury deserve credit for having expressed their reprobation of it by their verdict.

*Judgment affirmed.*